HILO FINANCE AND THRIFT COMPANY, LIMITED,
v. AMOS DE COSTA AND THE VON HAMM-
YOUNG COMPANY, LIMITED.

No. 2273.

Argued September 10, 1937.          Decided December 31, 1937.

Coke, C. J., Banks and Peters, JJ.

OPINION OF THE COURT BY PETERS, J.

This is a suit in equity to construe a bill of sale from Hilo Motors, Limited, to Hilo Finance & Thrift Company, Limited, dated February 8, 1934, though absolute on its face, to be a chattel mortgage and to foreclose the same. Originally Amos De Costa was the sole respondent. After the suit was filed The von Hamm-Young Company, Limited, as the alleged assignee of De Costa was also made a respondent by amendment.

The amended bill of complaint alleges in substance: On July 1, 1933, De Costa purchased an automobile from Hilo Motors, Limited, under a conditional sales agreement by the terms of which the conditional vendee acquired possession but the legal title of the automobile was retained by the vendor; from the time of its purchase until its subsequent delivery, on October 1, 1935, to the respondent von Hamm-Young Company, Limited, the automobile had been continuously in the possession of De Costa; on February 8, 1934, Hilo Motors at the request of De Costa executed to the Finance Company a bill of sale of the automobile as collateral security for the loan by the Finance Company to De Costa of $1180.80, sufficient of which per agreement between the Motors Company, the Finance Company and De Costa was immediately paid to the Motors Company in full payment and satisfaction of the balance of the purchase price; the loan was evidenced by a promissory note by De Costa and others as makers to the Finance Company as

payee; a balance of the indebtedness from De Costa to the Finance Company was overdue and unpaid for which, prior to suit, demand had been made; after suit brought and on, to wit, October 1, 1935, pursuant to an agreement between them, De Costa delivered the automobile to The von Hamm-Young Company, and the latter, with full knowledge of all the facts, took "legal title" thereto, De Costa having "divested" himself "of all right, title and interest in and to the said car." The amended bill of complaint also alleges that De Costa at the time of suit was operating the automobile upon the public highways. From this and the other allegations of the bill it would appear that he originally purchased the car with the intention of driving it upon the public highways and continuously used it for that purpose until he parted with possession in October, 1935. It nowhere appears from the amended complaint however that the respective persons whose title or interest was transferred or the respective transferees upon the transfer of title or interest of the legal owner in the automobile on February 8, 1934, and on October 1, 1935, complied with the requirements of the local motor vehicle law in respect to reregistration upon transfer of title by the legal owner to another.

Respondent De Costa answered. The respondent von Hamm-Young Company, Limited, demurred and the demurrer was sustained and the amended bill dismissed as to demurring respondent. From the decree of dismissal plaintiff prosecuted error.

After argument and submission this court of its own motion raised the question of the applicability of the provisions of the local motor vehicle law to the respective transfers from the Motors Company to the Finance Company of February 8, 1934, and from De Costa to The von Hamm-Young Company, Limited, of October 1, 1935, and particularly the provisions of section 2671, R. L. 1935, as originally enacted or as amended by section 2 of Act 74 (sr.B-59),

L. 1935, requiring reregistration upon the transfer of the title or interest of a legal owner in and to a vehicle registered under the provisions of the motor vehicle law. For if the provisions of the local motor vehicle law and particularly those of section 2671 as originally enacted or as subsequently amended are mandatory, in the absence of allegations in the amended bill of complaint showing compliance with the statutory procedure required, the amended bill of complaint is fatally defective and the decree appealed from must be affirmed irrespective of the reasons assigned by the trial judge for sustaining the demurrer.

On February 8, 1934, at the time that the bill of sale by the Motors Company to the Finance Company was executed the provisions of the local motor vehicle law in respect to the registration of motor vehicles and the statutory procedure required when the title or interest of the legal owner therein was transferred were those sections of Act 197, L. 1929, found in the Revised Laws of 1935 as sections 2664 to 2676, both inclusive. Paragraph 1 of section 2670 and paragraph 7 of section 2671 were amended by sections 1 and 2 respectively of Act 74, *supra,* but the amendments involve subjects with which we are not concerned. Excerpts of the law material to our consideration are quoted in the margin.[1]

---

[1] R. L. 1935, § 2664: "The following words and phrases used in this subtitle shall have the meaning herein ascribed to them: * * * 3. 'Person': every natural person, firm, copartnership, association or corporation. 4. 'Owner': a person having the lawful use or control or the right to the use or control of a motor vehicle under a lease or otherwise for a period of ten or more successive days. 5. 'Legal owner': a person who holds the legal title to a motor vehicle or a mortgage thereon."

R. L. 1935, § 2665: "Application for registration. 1. Every owner of a motor vehicle which shall be operated upon the public highways shall, for each vehicle owned, except as herein otherwise provided, apply to the treasurer of the county where such vehicle is to be operated, for the registration thereof.

"2. Application for the registration of a vehicle shall be made upon the appropriate form furnished by the treasurer and shall contain the name, occupation and address of the owner and legal owner and if the

Applying the definition of the term "owner" and of the term "legal owner" defined in section 2664 to the allegations of the complaint it would appear that prior to the transfer of the automobile in question by the bill of sale of February 8, 1934, the Motors Company was the "legal owner" and De Costa was the "owner" of said automobile and that upon the execution of the bill of sale of February 8, 1934, while De Costa continued to be the "owner" the Finance Company became the "legal owner" thereof. The definition of the term "legal owner" contained in section 2664 includes a person "who holds * * * a mortgage" on a motor vehicle. And the meaning ascribed to the term "legal owner" in section 2664 being expressly attributable to that term wherever used in the provisions of law requiring reregistration and prescribing the procedure necessary to effect the same, it follows that a mortgagee and his mortgagor, similarly as all other parties to the transfer of the legal title to a motor vehicle, must, upon reregistration of the motor vehicle mortgaged, conform to the requirements prescribed. This being so the provisions of section 2671 apply to the transfer of the motor vehicle in question by the bill of sale of February 8, 1934, if as alleged it was intended as a mortgage of said motor vehicle. On February 8, 1934, under the provisions of sec-

applicant is a member of the United States naval or military forces, the applicant shall give his organization and station. All applications shall also contain a description of the vehicle, including the name of the maker, the motor number and the date first sold by the manufacturer or dealer, and such further description of the vehicle as shall be called for in the form, and such other information as may be required by the treasurer, to establish legal ownership."

R. L. 1935, § 2666: "County treasurer's duties. It shall be the duty of the county treasurer to examine and to the best of his ability to determine the genuineness and regularity of every registration and transfer of registration of a vehicle as in this subtitle provided, in order that every certificate issued for a vehicle shall contain true statements of the ownership thereof, and to prevent the registration of a vehicle by any person not entitled thereto, and the treasurer is authorized to require any applicant to furnish such information, in addition to that contained

tion 2671, *supra,* upon the transfer of the title or interest of the legal owner in or to the motor vehicle theretofore registered according to law the person whose title or interest was to be transferred and the transferee were required to write their signatures with pen and ink upon the certificate of ownership issued for the vehicle together with the address of the transferee in the appropriate space provided upon the reverse of the certificate and the transferee was required, within ten days thereafter, to forward both the certificate of ownership so endorsed and the certificate of registration to the treasurer for filing. This, from the absence of allegations in the amended bill to that effect, does not appear to have been done. And similarly we may assume from the absence of allegations to that effect that due to such failure the treasurer has not reregistered the automobile nor has he issued to the owner and the legal owner respectively entitled thereto by reason of such transfer, a new certificate of registration and certificate of ownership respectively in the manner and form provided by law for original registration. The statute carries its own penalties for failure to comply with the law. One is that until the treasurer shall have issued the new certificate of registration and certificate of ownership delivery of the motor vehicle shall be deemed not

in the application, as may be necessary to satisfy the treasurer of the truth and regularity of the application."

R. L. 1935, § 2668: "Records of county treasurer. The treasurer shall file each application received and register the vehicle therein described in the owner's name in a permanent record or book to be kept by him for this purpose, as follows: 1. Under a distinctive registration number assigned to the vehicle and to the owner thereof hereinafter referred to as the registration number; 2. Alphabetically under the name of the owner; 3. Numerically under the motor number of the vehicle; 4. The treasurer may also register such vehicle under the serial number of such vehicle or otherwise in his discretion. A full record of all vehicles registered shall be posted daily by the treasurer in a public place in or about his office."

R. L. 1935, § 2669: "Certificate of registration; certificate of ownership. Upon the registration of a vehicle, the treasurer shall issue a cer-

to have been made and title thereto shall be deemed not to have passed and the intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose.

Where, as here, the motor vehicle law requires reregistration of a registered vehicle upon a transfer of the title or interest of a legal owner in and to the same and prescribes the procedure to be followed to effect such reregistration and also provides that until such reregistration shall have been completed delivery of the vehicle subject to the transfer shall be deemed not to have been made and title thereto shall be deemed not to have passed and the intended transfer shall be deemed to be incomplete for any purpose, one seeking to foreclose a chattel mortgage upon a registered motor vehicle by bill in equity must by appropriate averments show that at the time the motor vehicle was transferred to him by the legal owner by way of mortgage the requirements of the motor vehicle law in respect to reregistration upon transfer were complied with. The provisions of law requiring reregistration and prescribing the procedure to effect the same are mandatory. *(State ex rel Connecticut Fire Ins. Co. v. Cox,* 306 Mo. 537, 268 S. W. 87; *General Motors Acceptance Corporation v. Dallas,* 198 Cal.

---

tificate of registration to the owner and a certificate of ownership to the legal owner, which certificates shall meet the following requirements:

"1. Both the certificate of registration and the certificate of ownership shall contain upon the face thereof the date issued, the registration number assigned to the owner and to the vehicle, the name and address of the owner and legal owner in typewriting, also such description of the registered vehicle as may be determined by the treasurer;

"2. The reverse side of the certificate of ownership only shall contain forms for notice to the treasurer of a transfer of the title or interest of the owner or legal owner and application for registration by the transferee."

R. L. 1935, § 2671: "Procedure when title of vehicle transferred. 1. Upon a transfer of the title or interest of a legal owner in or to a vehicle registered under the provisions of this subtitle, the person whose title or interest is to be transferred and the transferee shall write their signatures with pen and ink upon the certificate of ownership issued for the

365, 245 Pac. 184.) Before jurisdiction in equity could be successfully invoked in the present case it was necessary that it affirmatively appear by appropriate allegations not only that the bill of sale of February 8, 1934, though absolute in form, was intended as a mortgage but that a valid and subsisting lien was created thereby of which the complainant was entitled to foreclosure. The transfer of February 8, 1934, is alleged in the complaint thus: "The Vendor * * * executed to the Complainant a bill of sale by the terms of which, for a nominal consideration, the Vendor sold and transferred to the Complainant the said car and all equipment and conveyed the same guaranteed free and clear of liens and encumbrances of all kinds whatsoever," and "that by * * * agreement * * * between the parties * * * Complainant should hold the legal title of the said car as security for the payment of the said promissory note * * *" and that "the said bill of sale is absolute in form although intended only by the way of chattel mortgage." These allegations are insufficient to show compliance with the provisions of the statute requiring reregistration. For all that appears from the amended bill of complaint the lien in-

vehicle, together with the address of the transferee in the appropriate space provided upon the reverse of the certificate.

"2. Within ten days thereafter, the transferee shall forward both the certificate of ownership so indorsed and the certificate of registration to the treasurer, who shall file the same.

"3. The provisions of subdivision (2) of this section, requiring a transferee to forward the certificate of ownership after indorsement and the certificate of registration to the treasurer, shall not apply to the transferee of a vehicle who was not intending to and does not drive such vehicle or permit such vehicle to be driven upon the public highways, but every such transferee shall, upon transferring his interest or title to another, give notice of such transfer to the treasurer and indorse the certificate of ownership to the new legal owner and the certificate of registration to the new owner.

"4. The treasurer, upon receipt of the certificate of ownership properly indorsed and the certificate of registration of such vehicle, shall register such vehicle, and shall issue to the owner and legal owner en-

tended to be created is, under the provisions of the statute, incomplete and invalid and ineffective for any purpose. In the absence of allegations showing a valid and subsisting lien equity is without jurisdiction of the subject matter of the action.

Holding, as we do, that the amended bill of complaint did not allege facts sufficient to show that the bill of sale of February 8, 1934, created a valid and subsisting lien of which the complainant was entitled to foreclosure, we deem it unnecessary to determine whether the allegations of the amended complaint in respect to the transfer from De Costa to The von Hamm-Young Company, Limited, of October 1, 1935, were similarly insufficient.

Plaintiff in error importunes an expression of opinion by this court upon what it considers to be the vital question involved, viz., whether, under the allegations of the amended bill of complaint, complainant is entitled in its prayer for equitable relief to ask for a deficiency judgment against the respondents jointly. This court can hardly consider what ancillary relief may be accorded a complainant in equity, where the existence of a cause of action entitling him to any relief remains in doubt. Until it appears by appropriate pleadings that complainant has a cause of

titled thereto by reason of such transfer a new certificate of registration and certificate of ownership, respectively, in the manner and form hereinabove provided for original registration.

"5. Until the treasurer shall have issued the new certificate of registration and certificate of ownership as hereinbefore in subdivision (4) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed, and the intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose. * * *

"8. Any person who refuses or neglects to deliver a certificate of ownership to a transferee entitled thereto under the provisions of this subtitle, shall be guilty of a misdemeanor and shall be punished as provided in section 2676.

"9. Every dealer, upon transferring a motor vehicle, whether by sale, lease or otherwise, shall immediately give notice of such transfer

action within the jurisdiction of the circuit judge at chambers in equity the discussion of the relief to which it may be ultimately entitled against a party or the parties to the proceeding would be premature. For the present the relief to which the complainant would be ultimately entitled against the demurring respondent in the event that the transfer of February 8, 1934, created a valid and subsisting lien is at best a moot question.

The decree appealed from is affirmed and the cause remanded with instructions that upon application therefor the complainant be granted leave to further amend its amended bill of complaint.

*C. S. Carlsmith (Carlsmith & Carlsmith* on the briefs) for plaintiff in error.

*Irwin & Harlocker* filed briefs for defendants in error but did not argue.

---

to the treasurer upon the official form provided by the treasurer. Every such notice shall contain the date of the transfer, the names and addresses of the transferer and transferee, and such description of the vehicle as may be called for in such official form."

R. L. 1935, § 2676: "Penalties. Any person who shall violate any of the provisions of this subtitle shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than five, nor more than one thousand, dollars or by imprisonment for a term not exceeding one year, or by both fine and imprisonment."