SHELLY MOTORS, INC., Plaintiff-Appellee, *v.* BERTRAND BORTNICK, dba SARGE'S AUTO SALES, Defendant-Appellant

NO. 8738

(CIVIL NO. 54814)

JUNE 7, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

In *Shelly Motors, Inc. v. Bortnick,* 2 Haw. App. 308, 631 P.2d 594 (1981), we reversed the summary judgment in favor of Shelly Motors and remanded for trial. A bench trial resulted in another judgment in favor of Shelly Motors. Again Mr. Bortnick appeals. This time we affirm.

Findings of fact numbers 9 and 10, state:

9. At all times prior to the seizure of the automobile by the Honolulu Police Department, Plaintiff was unaware of the fact that Defendant did not have good title to the Toyota or that it was, in fact, a stolen vehicle.

10. At no time prior to or during the sale of the automobile to Plaintiff did Defendant inform Plaintiff by specific language or otherwise that he was excluding or modifying his warranty of title, nor were the circumstances surrounding the sale such as to give Plaintiff reason to know that Defendant did not claim title in himself or that he was purporting to sell only such right or title as he or a third person might have.

Conclusions of law numbers 3 and 4 state:

3. In making the sale, Defendant warranted to Plaintiff that he had good title to the aforesaid automobile, that its transfer was rightful, that it was free from any liens or encumbrances, and that it would be delivered to Plaintiff free of the rightful claims of any third person.

4. At no time prior to or during his sale of the aforesaid automobile to Plaintiff did Defendant exclude or modify his warranty of title, nor were the circumstances surrounding the sale such as to give Plaintiff reason to know that Defendant did not claim title in himself or that he was purporting to sell only such right or title as he or a third person might have.

In his Statement of Points on Appeal, Mr. Bortnick did not challenge any of the findings of fact or conclusions of law. Consequently, we are bound by them. Rule 52(a), Hawaii Rules of Civil Procedure; Rule 3(b)(5), Rules of the Supreme Court of the State of Hawaii.

The points he raises are as follows:

1. Since he did not sign the Certificate of Title, Mr. Bortnick did not "sell" the vehicle to Shelly Motors and, hence, is not a "seller" and is not liable for breach of a warranty under Hawaii Revised Statutes (HRS) section 490:2-312.

2. *Per se,* as a matter of law, Mr. Bortnick's failure to sign the Certificate of Title as a seller gave Shelly Motors "reason to know" that Mr. Bortnick did not claim any title in himself and that he was selling only such right and title as a third person possibly had, thereby excluding the implied warranty of title.

Mr. Bortnick's points are based on HRS section 286-52 which states in relevant part:

Section 286-52. *Procedure when title of vehicle transferred; delivery of certificate mandatory.* (a) Upon a transfer of the title or interest of a legal owner in or to a vehicle registered under this part, the person whose title or interest is to be transferred and the transferee shall write their signatures with pen and ink upon the certificate of ownership issued for the vehicle, together with the address of the transferee in the appropriate space provided upon the reverse of the certificate.

*     *     *

(e) Until the director of finance has issued the new certificate of registration and certificate of ownership as in subsection (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed, and the intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose, notwithstanding any provision of the Uniform Commercial Code; provided that a security interest in a motor vehicle shall be perfected as provided in the Uniform Commercial Code, sections 490:9-302(3)(b) and 490:9-302(4), and that the validity, attachment, priority, and enforcement of such security interest shall be governed by Article 9 of the Code.

With respect to point number 1, the warranty of good unencumbered title specified in HRS section 490:2-312 attaches to a "contract for sale." Section 286-52, HRS, addresses the question of when title to a vehicle actually passes.[1] That question has nothing to do with the presence or absence of warranties in a contract for sale of a vehicle. The fact that Mr. Bortnick did not actually have title in his name did not preclude him from being a "seller" as that word is used in HRS section 490:2-312.

With respect to point number 2, we decline to adopt Mr. Bortnick's proposed *per se* rule because it is unrealistic and impractical. We hold that the question whether circumstances existed which gave Shelly Motors reason to know that Mr. Bortnick was not warranting the validity of the title which he was selling is a question of fact to be decided by the trier of fact. In this case, that question was decided adversely to Mr. Bortnick. We find no error in that decision.

Affirmed.

*Paul McCarthy* for appellant.

*Denis Lee* (with him on the brief *Edward R. Bendet* and *Wesley H. Sakai, Jr.; Bendet, Fidell & Sakai* of counsel) for appellee.

---

[1] *See Hess v. Paulo*, 38 Haw. 279 (1948); *Hilo Finance and Thrift v. De Costa*, 34 Haw. 407 (1937).