JAMES CROLY v. JAMES C. POLLARD.

*Sale—Implied warranty of title—Mortgage—Failure of Considera-
tion.*

1. The question in this case is whether a mortgage was given for
   the purchase price of property claimed to have been purchased
   of defendant by complainant, or to secure a loan used in
   making such purchase, and the finding of the circuit judge in
   favor of complainant's claim is not disturbed.

2. A sale of personal property implies an affirmation by the vendor
   of its ownership, and he therefore warrants the title, unless it
   is shown by the facts and circumstances accompanying the
   sale that he did not intend to assert ownership, but only to
   transfer such interest as he might have in the property.

Appeal from Wexford.  (Fallass, J.)  Submitted on
briefs May 18, 1888.  Decided October 19, 1888.

Bill to annul a mortgage.  Defendant appeals.  Decree
affirmed.  The facts are stated in the opinion.

*Sawyer & Bishop,* for complainant, contended:

1. Complainant's theory is fully sustained by the bill of sale from
   Christensen to Rosevelt, together with the assignment indorsed
   thereon, and those writings cannot be contradicted by parol
   testimony; citing *Sutherland v. Crane,* Walk. Ch. 523; *Adair v.
   Adair,* 5 Mich. 209; *Martin v. Hamlin,* 18 Id. 364; *Kimball v.
   Myers,* 21 Id. 284.

2. Where one of two innocent parties must suffer by the fault of
   a third, he shall sustain the loss who put it in the power of
   the third to occasion it; citing *Burson v. Huntingdon,* 21 Mich.
   432; *Holmes v. Trumper,* 22 Id. 431.

3. In support of the claim that defendant is estopped from making
   the defense set up, counsel cited *Gibbs v. Linabury,* 22 Mich.
   479; *Smith v. Osborn,* 33 Id. 411; *Peake v. Thomas,* 39 Id. 589;
   *Stebbins v. Walker,* 46 Id. 10; *Maxwell v. Bridge Co.,* 41 Id. 467.

4. Estoppel *in pais* results from acts, and not from the intention,
   of the party; citing *Venneter v. Crossman,* 42 Mich. 465; *Steb-
   bins v. Walker,* 46 Id. 11.

*C. C. Chittenden,* for defendant, contended:

1. Parol testimony may be introduced to aid in interpreting a contract, and to show the nature of the transaction; citing *Picard v. McCormick,* 11 Mich. 75.

2. A bill of sale does not embody the preliminaries or essential terms of a contract in such a way as to exclude parol evidence; citing *Rowe v. Wright,* 12 Mich. 289; and the real nature of the transaction may be shown; citing *Fuller v. Parrish,* 3 Mich. 211; *Trevidick v. Mumford,* 31 Id. 467; *Sirrine v. Briggs,* Id. 443; *Phelps v. Whitaker,* 37 Id. 72.

3. If the transaction was a sale, it amounts to only a quitclaim of defendant's interest; citing 2 Add. Cont. 251; and the facts and circumstances show that defendant did not intend to assert ownership, but only to transfer what interest he might have in the property; citing Benj. Sales, §§ 613, 622, 639.

4. Complainant, by his failure to defend the Simons replevin suit, is estopped from his recovery from defendant.

SHERWOOD, C. J. This case is an appeal from the Wexford circuit court, in chancery, and appears from the record as follows:

The complainant bought a locomotive boiler, and engines belonging thereto, of the defendant, November 27, 1883, for $300, and took a bill of sale for the same, making payments therefor by two notes, one for $100, payable in six months, and the other for $200, payable in one year. These notes complainant secured by a mortgage on real estate in the county of Wexford.

Complainant placed the boiler and engines in a shop, and about two years thereafter the property was taken from him by writ of replevin under a claim made by a Mr. Simons of paramount title. Complainant thereupon notified the defendant of the suit and of the claim made therein, and requested him to defend the title to the property. This the defendant refused to do, claiming that he never had any title thereto, and never sold the same to the complainant, and, the complainant making

no defense, Simons succeeded in his suit, and complainant lost his property under the title made by Simons.

The only consideration received by the complainant for his mortgage given to defendant was the boiler and engines. The consideration having wholly failed, the complainant requested the defendant to discharge the mortgage, which he refused to do, and thereupon defendant foreclosed the mortgage by advertisement, and bid off the property upon the sale. Complainant prays for a decree setting aside the sale and annulling the mortgage.

The defendant, in his answer, avers that he did not sell the boiler and engine to the complainant, but that complainant purchased them from John Rosevelt and Robert Christensen, and that defendant loaned complainant the money with which to make the purchase, and took the mortgage above mentioned as security for his loan; that he had never seen the boiler and engines in question until a long time after complainant made his purchase of Rosevelt and Christensen.

The case was heard upon pleadings and proofs, and the circuit judge granted a decree in accordance with the prayer of the bill, and defendant appeals.

The testimony in the case was taken before the circuit judge in open court. Upon the material point in the case there is a contradiction between the parties in their testimony. The circumstances of the case, and the written testimony, however, are corroborative of the testimony of the complainant. The question in the case is, was the mortgage given by the complainant to the defendant for the loan of $300, or was it given to the defendant as the purchase price of the boiler and engines mentioned?

The title to the property which the complainant received came originally from Rosevelt and Christensen. Christensen, on September 7, 1883, transferred the property to

Rosevelt, by written bill of sale, with warranty of title, and Rosevelt sold and transferred the property by a like bill of sale and warranty to the defendant, on November 27, 1883; and the defendant, in his testimony, says he supposed that, when he conveyed by his bill of sale the property to the complainant, he got title thereto. That bill of sale reads as follows:

"For a valuable consideration to me in hand paid by James Croly, I hereby sell, transfer, and set over to the said James Croly all my right, title, and interest in the locomotive boiler and engines mentioned in the within bill of sale."

This was written on the back of the bill of sale from Rosevelt to the defendant, and was duly signed by the defendant, and dated the day complainant made his purchase. It is claimed, however, by counsel for the defendant, that this bill of sale never gave the complainant any warranty of title to the property, either express or implied. The complainant testifies that he bought the property of the defendant, and gave his notes, secured by the mortgage, therefor, and the defendant, when asked for a bill of sale of the property, gave the complainant the one above quoted.

There is no doubt, I apprehend, but that a sale of personal property implies an affirmation by the vendor that the property is his, and he therefore warrants the title, unless it is shown by the facts and circumstances accompanying the sale that the vendor did not intend to assert ownership, but only to transfer such interest as he might have in the property. It is claimed on the part of the defendant that such facts and circumstances were shown in this case, and there is testimony to that effect. It is, however, contradicted upon the other side by the testimony of the complainant.

The circuit judge heard all the testimony. The wit-

nesses were before him. His means of judging of the credibility of the testimony offered was far superior to ours, and it appears from the decree rendered he found against the defendant, and I do not think we should be justified in disturbing that finding. The preponderance of the testimony is clearly with the complainant.

The decree at the circuit must be affirmed, with costs.

The other Justices concurred.