## Feldman *v.* Starin, Appellant.

·Argued March 20, 1964.  Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*James M. Marsh,* with him *Joseph G. Manta,* and
*LaBrum and Doak,* for appellant.

*Stephen M. Feldman,* with him *Joseph G. Feldman,*
for appellees.

OPINION BY ERVIN, J., April 14, 1964:

This is an action in trespass arising out of a motor
vehicle accident that occurred when, without looking,
the defendant backed her automobile into the front of
a standing automobile in which the wife-plaintiff was
a passenger.  The impact of the collision was on the
direct front center of plaintiff's car, damaging the

center section of the front bumper and the grille, and the jury returned a verdict in favor of the plaintiff for the property damage in the amount of $48.88. The wife-plaintiff received a whiplash injury to her neck. Her doctor bills totalled $825.00 and she had further expenses in the amount of $821.83. The jury gave the wife-plaintiff nothing for her personal injuries and the court below awarded a new trial because of the inadequacy of the verdict.

It is a well-settled principle of law that the grant or refusal of a new trial is within the sound discretion of the trial court and the appellate court will not reverse unless the record shows that this discretion was clearly and palpably abused: *Burd v. Pa. Railroad Co.*, 401 Pa. 284, 290, 164 A. 2d 324.

In the present case several doctors testified for the plaintiff as to her injuries. Dr. Frederick Murtagh, a witness for the defendant, testified that at the time of his examination (more than a year after the accident), he observed objective evidence of neck discomfort and marked muscle spasm of the muscles in the back of the neck on both sides. His diagnosis was that of a "classical musculo-ligamentous strain," the symptoms of which were prolonged by a psycho-physiologic reaction to her original injury.

The jury must have found that the defendant was negligent and the plaintiff free of contributory negligence in order to render its verdict for the plaintiff on the property damage. The evidence as to the personal injuries was clear and the failure of the jury to find any amount at all as damages for the personal injuries was not only inconsistent but most unfair.

There was no abuse of discretion by the court below in granting a new trial in this case.

Order affirmed.