### JONES *v.* LINEBAUGH
#### OPINION OF THE COURT

1. SALES—WARRANTY OF TITLE—EXCLUSION.
   The warranty of title was not excluded by a bill of sale which stated that seller gives all his right, title, and interest to buyer and that seller knows of no other title in existence, or, by a representation that the bill of sale was the original evidence of title; such language is not, as a matter of law, specific enough to exclude a warranty of title (MCLA § 440.2312[2]).

2. SALES—WARRANTY OF TITLE—EXCLUSION—SPECIFIC LANGUAGE.
   Specific language is necessary to exclude a warranty of title; "specific" means characterized by precise formulation and free from ambiguity (MCLA § 440.2312[2]).

---

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 46 Am Jur, Sales § 403 *et seq.*

3. SALES—WARRANTY OF TITLE—EXCLUSION.
   Very precise and unambiguous language must be used to exclude
   a warranty of title (MCLA § 440.2312[2]).

4. SALES—WARRANTY OF TITLE—BUYER'S KNOWLEDGE—QUESTION OF
   FACT.
   Whether a buyer, suing for breach of warranty of title, had
   reason to know that his seller did not have title is a question
   of fact and cannot be resolved on summary judgment.

DISSENT BY QUINN, P. J.

5. SALES—WARRANTY OF TITLE—BUYER'S KNOWLEDGE.
   *Buyer knew seller did not have title in himself to an automobile
   where seller said that the car was not owned by him and that
   the car was owned by a third party, buyer requested seller
   to obtain title to the car and the bill of sale, which seller
   provided, stated that seller sold and assigned all his right,
   title, and interest to the car and that to best of seller's knowl-
   edge there was no other title in existence by way of registra-
   tion; buyer's knowledge that seller did not have title was suffi-
   cient to exclude a warranty of title (MCLA § 440.2312[2]).*

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 February 4, 1971, at Lansing.
(Docket No. 9256.)   Decided June 22, 1971.

Complaint by Raymond Jones against David A.
Linebaugh for breach of warranty of title in a sale
of an automobile.  Summary judgment for defend-
ant.  Plaintiff appeals.  Reversed and remanded.

*White, Bell & Carter,* for plaintiff.

*Fink & Fink,* for defendant.

Before: QUINN, P. J., and McGREGOR and
O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6 § 23 as amended in
1968.

McGREGOR, J.   This appeal involves important questions under the Sales Article (art 2) of the Uniform Commercial Code[1] (UCC) and, as an incidental matter, the propriety of the granting of summary judgment in favor of the defendant.[2]

On October 23, 1969, the buyer brought suit against the seller, claiming the latter had breached the warranty of title in the sale of an antique automobile, known as a Bugatti.   On January 2, 1970, seller filed a motion for summary judgment on the grounds that: (i) there was no genuine issue as to any material fact and (ii) buyer had failed to state a claim upon which relief could be granted.   The trial court, on February 2, 1970, granted seller's motion and dismissed the complaint.   The buyer appeals as of right.

The issues on appeal are confined to the propriety of the granting of summary judgment on Count I of the complaint, which charged the seller with a breach of the warranty of title in the sale of the chattel.   The record, viewed most favorably to the buyer, reveals the following facts:

---

[1] "Sec. 2312(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that

"(a) the title conveyed shall be good, and its transfer rightful; and

"(b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.

"(2) A warranty under subsection (1) will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.

"(3) Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications."   MCLA § 440.2312 (Stat Ann 1964 Rev § 19.2312).

[2] Defendant is hereinafter referred to as the seller; plaintiff is referred to as buyer.

Seller and buyer were both engaged in the business of restoring antique cars. In 1964, buyer learned that seller had two Bugatti automobiles at his premises. Buyer then went to seller and orally offered to purchase these cars. The seller informed buyer that he did not have title to the chattels, that they were owned by a man named Clarence Vann. Buyer requested that seller obtain title to the cars. Seller stated that the price would be $6,000.

Later, seller indicated that he was in the process of obtaining title, that some paper work remained to be done, and that seller's attorneys were at work on accomplishing this task. Next, buyer paid the purchase price to seller and took possession of the cars.

Within a few weeks, after the transfer of possession, buyer received, by certified mail, a bill of sale to the one Bugatti in issue here. Two and one-half years later, buyer was sued by a third party who claimed paramount title to that automobile. Buyer settled that suit and then brought the present action against the seller.

On these facts, the trial court granted summary judgment to the seller upon the following grounds: (1) the bill of sale excluded the warranty of title and (2) buyer had reason to know that his seller did not claim title in himself and was "purporting to sell only such right or title as he or a third person may have". MCLA § 440.2312(2) (Stat Ann 1964 Rev § 19.2312[2]).

It is clear that the bill of sale did not contain "specific language" as required by UCC 2–312(2) to exclude the warranty of title, which, under UCC 2–312, arises in every contract for the sale of goods. The bill of sale provided, in pertinent part, that the seller sold and assigned to the buyer all of the sell-

er's "right, title, and interest" in the chattel, and that to the "best of [his] knowledge there [was] no title in existence by way of registration with the State of Michigan or with any other state or with any nation". The bill of sale was represented to be "the original evidence of title to the aforedescribed vehicle".

Although this case raises questions of first impression in Michigan concerning the interpretation of UCC 2–312(2), prior Michigan law appears to be in accord with the UCC requirement that specific language be used to exclude this type of warranty.

In *Croly* v. *Pollard* (1888), 71 Mich 612, the Supreme Court held that a bill of sale by which the seller conveyed his "right, title, and interest" in certain chattels did not, as a matter of law, negate the creation of the warranty of title. UCC 2–312(2) requires "specific language" to exclude the title warranty. "Specific" has been defined to mean:

"characterized by precise formulation　*　*　* free from such ambiguity as results from careless lack of precision or from the omission of pertinent matter." Webster's Third New International Dictionary (Unabridged Edition, 1966).

The language of the bill of sale in the present case is not precise and free from ambiguity. Indeed, it would appear to convey to a reader an ambiguous connotation. The seller transferred all of his right, title, and interest, stated that no other title, to his knowledge, existed, and that the bill of sale was the original evidence of title. Such language, as a matter of law, is not sufficient to exclude the warranty of title.

We believe that very precise and unambiguous language must be used to exclude a warranty so

basic to the sale of goods as is title.[3]  In view of the failure to exclude the warranty in the bill of sale, little need be said concerning the other ground for excluding this warranty.  UCC 2–312(2) (MCLA § 440.2312[2]) provides, in pertinent part:

"A warranty [of title] will be excluded or modified only by  *  *  *  circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have."

Under the record herein, and absent the claimed exclusion in the bill of sale, the question of whether the buyer had "reason to know" that the seller did not have title is one of fact which cannot be resolved on summary judgment.  See *Durant* v. *Stahlin* (1965), 375 Mich 628; *American Parts Co., Inc.* v. *American Arbitration Association* (1967), 8 Mich App 156, 170.

In view of the remand, however, we deem it our duty to point out that a number of important factual questions, not fully answered on this record, may be involved in the proceedings below.  Under UCC 2–607(3) (MCLA § 440.2607[3]) (Stat Ann 1964 Rev § 19.2607[3]), as applied to the facts presented in the record, buyer was required to give notice of the defect in title to seller within a reasonable time after he discovered the same.  We cannot speculate

---

[3] An example of this type of language, as found in 4 Henson & Davenport, Uniform Laws Annotated, Uniform Commercial Code Forms & Materials, at 103 (Master Edition, Forms Volume, 1968):

"§ 2–312—FORM 1

"Disclaimer of Warranty of Title

"Disclaimer of Warranty of Title.  Seller, as Trustee in bankruptcy of XYZ Solvents Company, transfers only his right, title and interest to the goods herein described.  Since he is without knowledge as to what claims may or may not exist with respect to ownership of the goods, SELLER MAKES NO WARRANTY WHATEVER WITH RESPECT TO TITLE."

as to whether such notice was given or not. If it was not given, then, under that section of the UCC, buyer is "barred from any remedy." Furthermore, under UCC § 2–403 (MCLA § 440.2403), a person with a voidable title, such as the seller herein may have had, has power to transfer good title to a good faith purchaser, which buyer may have been in the present case. Accordingly, seller's title may have been paramount to that of the third party who sued the buyer, and settlement without notice to seller (if, indeed, such notice was not given) may have prejudiced his rights. *Stewart & Foulke, Inc.* v. *Robertshaw Comtrol Co.* (5th Cir. 1968), 397 F2d 971. None of these issues can be disposed of at this stage of the litigation without further proceedings.

Reversed and remanded for further proceedings consistent with this opinion.

O'HARA, J., concurred.

QUINN, P. J., (*dissenting*). It appears to me that the majority has written properly to an issue that is not before us. In the process, they have denominated the controlling issue a fact question not properly resolved by summary judgment without demonstrating that there is any issue on that fact question. I dissent because I am unable to find any issue on that fact question.

I agree with the reasoning of the majority with respect to the "specific language" required to exclude warranty of title, MCLA § 440.2312(2) (Stat Ann 1964 Rev § 19.2312[2]). There was no such language here, and I do not believe that either party so contends.

Count 1 of plaintiff's complaint, as to which summary judgment was granted, claimed breach of warranty of title arising under MCLA § 440.2312. In

addition to providing exclusion of warranty by specific language, MCLA § 440.2312(2) provides for exclusion by "circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have".

Whether plaintiff had "reason to know" is a question of fact, as the majority states, if there is any question that plaintiff had "reason to know". My inability to agree with the majority arises from the fact that I read the record to establish without dispute that plaintiff not only had "reason to know" but that he knew defendant did not have title and that defendant was selling only such title as he obtained from Vann.

The majority opinion states: "The seller informed buyer that he did not have title to the chattels, that they were owned by a man named Clarence Vann. Buyer requested that seller obtain title to the cars." Later, the majority opinion recites the fact that buyer received a bill of sale from seller which provided that the seller sold and assigned to the buyer all of the seller's "right, title, and interest" in the chattel, and to the "best of [his] knowledge there [was] no title in existence by way of registration with the State of Michigan or with any other state or with any nation".

Plaintiff states in his brief:

"Raymond Jones, plaintiff and appellant, is engaged in the antique automobile restoring business. David A. Linebaugh, d/b/a D.A.L. Customs, defendant and appellee, is engaged in the automotive specialty trade.

"In March of 1964, Jones heard that Linebaugh had two Bugatti automobiles at his shop in Ypsi-

lanti. Jones contacted Linebaugh in the hope of acquiring the said Bugattis. Jones drove to Ypsilanti to see the said Bugattis. Linebaugh stated that the Bugattis were owned by one Clarence Vann. Jones orally offered to purchase the Bugattis from Linebaugh if he could get title from Vann."

Later in his brief, plaintiff recites receipt of the bill of sale, as noted earlier in this opinion.

Whether I take the facts from the majority opinion or the facts as recited by plaintiff in his brief on appeal, I come to the same conclusion, namely: plaintiff knew defendant did not have title and that defendant did not claim title in himself and that defendant was purporting to sell only such right or title as he received from Vann. Thus, by the explicit language of the statute, any warranty was excluded, and the trial court properly found that plaintiff had failed to state a claim upon which relief could be granted in count 1 of his complaint.

I vote to affirm.