374 A.2d 1342

**Michael J. SUNSERI**

v.

**RKO-STANLEY WARNER THEATRES, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1976.

Decided June 29, 1977.

Gary C. Horner, Johnstown, for appellant.

Francis J. Leahey, Jr., Ebensburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal involves a contractual dispute. The case was tried before a judge and jury, resulting in a verdict in the amount of $13,500 for plaintiff-appellee Sunseri. Appellant raises the following assignments of error: (1) The trial court erred in ruling that as a matter of law the disclaimer language of the bill of sale was not a valid disclaimer of warranty; (2) the trial court erred in allowing certain testimony in violation of the parol evidence rule; (3) the trial court erred in refusing to charge the jury that as a matter of law the circumstances surrounding the sale gave the buyer reason to know that the seller was not claiming title in itself and that it was purporting to sell only such right or title as it had; and (4) the trial court erred in refusing defendant's motion for a judgment n. o. v. or, in the alternative, defendant's motion for a new trial, which should have been granted because the verdict was against the evidence. We affirm.

Appellant [RKO] is the owner of the State Theatre building in Johnstown, Pennsylvania. Prior to July, 1968, Francis Zatalava operated a bowling alley and billiard parlor in the basement of this building. Zatalava rented space from RKO and owned the recreational equipment himself, subject to a security interest in Trenton Trust Company. In July of

1968, the City of Johnstown closed Zatalava's business for failure to pay city taxes. Zatalava also owed back rent to RKO, which subsequently obtained an assignment of Trenton Trust's interest in Zatalava's equipment so that it could reach these assets.

In July of 1969, RKO sold the equipment to Samuel Pagano and appellee Michael Sunseri, who also leased the basement and ran the recreation center as partners. Appellee Sunseri eventually bought out Pagano's interest in the business and became its sole owner. In April of 1971, Zatalava brought a replevin action against appellee and RKO to regain title to the equipment. In a non-jury proceeding, the court found that Zatalava had the paramount claim of ownership. Appellee then instituted the action involved herein, claiming that RKO breached its warranty of title or, in the alternative, that it fraudulently misrepresented the nature of its interest in the equipment and thus induced appellee to make the purchase.

█ The document which evidences the transaction between Pagano and Sunseri, as partners, and RKO is entitled "Bill of Sale" and provides, in pertinent part, as follows:

"[Seller] . . . does hereby sell, assign, convey, transfer and deliver to Buyer any right, title and interest Seller may have in the following goods and chattels. . .

. . . . .

It is expressly understood and agreed that the Seller shall in nowise be deemed or held to be obligated, liable, or accountable upon or under guaranties [sic] or warranties, in any manner or form including, but not limited to, the implied warranties of title, merchantability, fitness for use or of quality."

The lower court found that, as a matter of law, the above-quoted language was insufficient to disclaim the warranty of title. We agree. The statutory authority in this area is section 2–312 of the Uniform Commercial Code[1] which states, in pertinent part, the following:

1. Act of April 6, 1953, P.L. 3, § 2–312 (12A P.S. § 2–312).

"(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that

(a) the title conveyed shall be good, and its transfer rightful; and

(b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.

(2) A warranty under subsection (1) will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have."

No Pennsylvania case authority on this issue is cited by either party. In reaching its conclusion on this point, the lower court relied on the decision of the Michigan Court of Appeals in *Jones v. Linebaugh,* 34 Mich.App. 305, 191 N.W.2d 142 (1971). In that case, the defendant sold two cars to the plaintiff. The buyer received a bill of sale which provided that the seller sold and assigned all his "right, title, and interest" in the automobiles and that to the "best of [his] knowledge there [was] no title in existence by way of registration with the State of Michigan or with any other State or with any Nation." The court found that the quoted language was "not precise and free from ambiguity" and that it "as a matter of law, [was] not sufficient to exclude the warranty of title." *Jones v. Linebaugh, supra* at 309, 191 N.W.2d at 144. This decision is cited with approval in *J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code* 304–05 (1972).

In the instant case, the bill of sale did not disclaim warranty of title in the "specific" language required by U.C.C. § 2–312. The provision for sale of "any right, title and interest" is clearly not a positive warning or exclusion in regard to the status of title, and would be unlikely to offend or even catch the eye of an unsophisticated buyer. In addition, such language was specifically rejected in *Jones v. Linebaugh, supra.* The second relevant provision in the sale

document, stating that "Seller shall in nowise be deemed or held to be obligated, liable or accountable upon or under any guaranties [sic] or warranties" is similarly ineffective. It is couched in negative terminology, expressing what the seller will not be liable for rather than what the buyer is or is not receiving. The inadequacy of such a caveat is best illustrated by juxtaposing it with title disclaimer provisions suggested by authorities in the subject area. For example, 18 *Am.Jur.Legal Forms 2d* § 253:825 (1974), provides: "Seller makes no warranty as to the title to the goods, and buyer assumes all risks of nonownership of the goods by seller." Another illustration is contained in *Purdon's Pa.Forms*, 12A P.S. § 2–312, Form 2 (1970), which recommends the following language: "The seller does not warrant that he has any right to convey the title to the goods." Appellant's attempt to disclaim the warranty of title in its transaction with appellee was ineffective in that it failed to comply with the requirement, under the Uniform Commercial Code, that such a disclaimer be made in "specific language." The court below was thus not in error in deciding this issue as a matter of law and instructing the jury in conformance with its decision.

◼ As his second assignment of error, appellant alleges that the trial court allowed testimony by the appellee in violation of the parol evidence rule which was highly prejudicial to its case. The appellee's testimony concerned conversations between appellee and appellant's building manager, a Mr. Evanesko, which allegedly took place at some time prior to the signing of the sales agreement. Appellee stated that Evanesko has assured him that RKO owned the equipment. Appellant's counsel objected to the testimony on the ground that it was hearsay. In reply, appellee's counsel pointed out that the testimony was not offered to prove the truth of the matter asserted, but only to establish that such statements had been made and constituted part of the inducement for appellee to enter the contract. The trial court then allowed the testimony. Examined in light of

either a hearsay objection or a parol evidence rule objection,[2] the ruling of the court below was not error.

As previously stated, appellee alleged in his complaint, *inter alia,* that RKO's fraudulent misrepresentations as to its ownership of the goods induced him to enter into the sales agreement. The principles applicable to this situation are found in 2 *Williston On Sales* § 15–9 at 361–2 (4th ed. 1974), which provides:

"The premise of the parol evidence rule is that it must be assumed that the parties to the negotiations reduced their agreements to writing, and once the parties have done so, that the writing amounted to their whole agreement. This premise is inapplicable to a situation where the law imposes the obligation on the seller irrespective of his intention to create a contract. Such imposition is frequently the case with warranties. Thus, where the buyer is induced by the seller's positive affirmations or representations of fact to enter into a written contract for the purchase and sale of goods, then those affirmations or representations should be admissible into evidence unless the contract terms provide otherwise. *This does not limit the buyer's ability to show false and fraudulent statements which may induce the making of the contract and may be proved without regard to the application of the parol evidence rule.*" (emphasis added). *See Wright v. General Carbonic Co.,* 271 Pa. 332, 114 A. 517 (1921); *see also* 12 *Williston On Contracts* § 1510 (3d ed. 1970).

Further, this court has recently stated that "[i]t is well-settled that the parol evidence rule does not prohibit testimony introduced to show fraud or misrepresentation. *Nadolny v. Scoratow,* 412 Pa. 488, 195 A.2d 87 (1963); *Berger v. Pittsburgh Auto Equip. Co.,* 387 Pa. 61, 127 A.2d 334 (1956)." *Greenwood v. Kadoich,* 239 Pa.Super. 372, 377 n. 1, 357 A.2d 604, 607 n. 1 (1976); *accord, Rempel v. Nationwide Life Ins. Co.,* 471 Pa. 404, 370 A.2d 366 (1977). The appellee's testi-

**2.** We treat this claim as preserved because the record reflects that it was raised at side-bar prior to the testimony at issue and it was addressed by the trial judge in his opinion.

mony could thus have been admitted without violating the parol evidence rule under the law of contracts.

It is likewise clear that the testimony was not precluded by the parol evidence rule as embodied in the Uniform Commercial Code, § 2–202.[3] "It is often said that a party may not invoke the parol evidence rule in order to shield his own fraud. Fraud may also serve as a basis for recission or for affirmative relief." *J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code* 75 (1972). *See also Associated Hardware Supply Co. v. Big Wheel Distributing Co.,* 335 F.2d 114 (3d Cir. 1966). The complained-of testimony was offered in support of appellee's pleading which asserted that appellee had been induced to enter into the sales agreement by a fraudulent misrepresentation. The court, after satisfying itself as to the nature of this testimony, allowed it to be presented. There was no error in that decision.

■ Appellant's third allegation is that the lower court erred in refusing to charge the jury that, as a matter of law, the circumstances surrounding the sale gave the buyer reason to know that no warranty of title was made. *See* 12A P.S. § 2–312(1)(a), quoted *infra.* Appellant advanced two primary points in support of this claim: (1) Appellee was aware that the doors to the recreation center had been padlocked for an indefinite period of time subsequent to its operation by Zatalava and prior to appellee's purchase of the equipment; and (2) appellee knew that he had obtained

**3.** Section 2–202, entitled "Final Written Expression: Parol or Extrinsic Evidence," provides:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

(a) by course of dealing or usage of trade (Section 1–205) or by course of performance (Section 2–208); and

(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

Act of April 6, 1953, P.L. 3, § 2–202 (12A P.S. § 2–202).

possession and use of equipment that had a replacement value of approximately $50,000 at a cost of only $5,000. Appellant raised these matters at trial.

In his charge to the jury, the trial judge read section 2–312 and mentioned the substantial difference between the asserted value of the goods and the price paid by appellee. He then stated, "[t]hat alone is a fact you should consider, that there were troubles with title and that this plaintiff knew there were troubles with the title." (R. 82a). This constituted the trial court's only mention of the point. Appellant did not, however, raise this issue in its post-verdict motions. It did not allege that the trial court erred in its charge on this point, or that the court charged inadequately or failed to charge thereon. This issue is thus not preserved for our review. *Commonwealth v. Bailey,* 463 Pa. 354, 344 A.2d 869 (1975); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).[4]

■ The final assignment of alleged error in this appeal is the failure of the court below to grant appellant's motion for judgment n. o. v.[5] or, in the alternative, to grant appellant a new trial because the verdict was against the evidence. "In considering a motion for judgment n. o. v., the evidence must be considered in the light most favorable to the verdict winner, together with all reasonable inferences flowing therefrom. *Kresovich v. Fitzsimmons,* 439 Pa. 10, 264 A.2d 585 (1970)." *Flickinger Estate v. Ritsky,* 452 Pa. 69, 76, 305 A.2d 40, 44 (1973). In the instant case, the jury was instructed that appellant's efforts to disclaim the warranty of

4. Appellant, although it did not object to the trial court's charge, did submit a written point for charge on this issue. This has been held sufficient to preserve a claim at trial (without further objection to the court's refusal of the point or to the charge as delivered). *Commonwealth v. Williams,* 463 Pa. 370, 344 A.2d 877 (1975); *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969). This is no cure, however, for appellant's failure to properly preserve this issue post-trial.

5. We note no motion for judgment n. o. v. in the record. The briefs of both parties and the lower court opinion refer to such a motion, however, and for the purposes of this opinion we shall assume such a motion was indeed filed.

title in its sales agreement with appellee were not effective. The jury could reasonably have found that the circumstances surrounding the sale did not give the buyer cause to know or to be charged with knowledge that no warranty of title was being extended. Given that the jury could clearly have found a warranty and breach thereof by appellant, we cannot discern any error in the trial court's denial of appellants' motion for judgment n. o. v.

"The granting of a new trial has traditionally been [within] the inherent power of the trial court. Such a motion is addressed to the discretion of the trial court based upon the circumstances of the particular case, and the court's refusal will not be reviewed in the absence of a manifest abuse of discretion or a clear error of law. *Nicholson v. Garris,* 418 Pa. 146, 210 A.2d 164 (1965); *Feldman v. Starin,* 203 Pa.Super. 130, 199 A.2d 482 (1964)." *Eldridge v. Melcher,* 226 Pa.Super. 381, 387, 313 A.2d 750, 754 (1973). We find no manifest abuse of discretion or clear error of law herein.

The judgment of the lower court is affirmed.

VAN der VOORT, J., concurs in the result.