404 So.2d 424 (1981)
Levis LAWSON, Appellant,
v.
H.G. TURNER, Jack Cox and Charles Willis, Appellees.
No. TT-48.
District Court of Appeal of Florida, First District.
October 14, 1981.
Andrew J. Decker, III, of Airth, Sellers & Lewis, Live Oak, for appellant.
No brief for appellees.
MILLS, Judge.
Lawson appeals the trial court's denial of his motion for a directed verdict. We affirm as to Turner and reverse as to Cox and Willis.
Lawson brought suit against Turner, Cox, and Willis seeking damages for breach of *425 implied warranty of title resulting from his purchase of a used dump truck which was subsequently discovered to be a stolen vehicle.
In 1973, Cox purchased a 1970 GMC dump truck from a Mr. Tyson. Turner was guarantor on Cox's note at the bank for the purchase price. Turner, in fact, handled most of the negotiations of the purchase for Cox. Cox drove the truck for several months but was unable to earn enough money driving the truck to pay the note at the bank. Cox returned the truck to Turner's place of business and explained the situation to Willis, his stepfather, and Turner.
Willis then took over the truck and began driving it, hoping to earn enough money to pay the note. He understood he could do whatever he wanted with the truck as long as Cox's debt on the truck was paid. After several months Willis decided to sell the truck to Lawson for $7,500.00.
In September 1973, Lawson, Willis, and Turner met at the bank to take care of the paper work for the transfer of the truck to Lawson. Lawson paid Willis for the equity in the truck and assumed payments. Turner remained guarantor on the bank note for Lawson also. Title to the truck was not transferred at that time, but Turner told Lawson that as soon as the title arrived from Tyson, he would guarantee delivery of it to Lawson.
Subsequently, the truck was discovered to be stolen and Lawson surrendered it to its rightful owner. Lawson brought suit for damages. At trial, the parties stipulated: (1) the truck was stolen; (2) none of the parties knew the truck was stolen; (3) Cox was a seller of the truck; and (4) the truck was surrendered to its rightful owner when it was discovered to be stolen. At trial, Willis also testified he was seller of the truck. Turner denied being a seller, arguing he was merely the guarantor of the bank note for Cox and Lawson.
Section 672.312, Florida Statutes (1973) states:
(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that:
(a) The title conveyed shall be good, and its transfer rightful; and
(b) The goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.
(2) A warranty under subsection (1) will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.
Accordingly, under the statute there was an implied warranty of title by the sellers of the truck to Lawson.
In the absence of a specific exclusion, a third party defendant who sold a semi-trailer to the defendant and the defendant who sold it to the plaintiff both impliedly warranted good title. American Container Corp. v. Hanley Trucking Corp., 111 N.J. Super. 322, 268 A.2d 313 (1970). Although a defendant had no knowledge that an automobile which he purchased from a third party and ultimately sold to the plaintiff was stolen, he was nevertheless liable to the plaintiff for breach of the warranty of title. Ricklefs v. Clemens, 216 Kan. 128, 531 P.2d 94 (1975). The damages for breach of the implied warranty of title are set forth in Section 672.714(2) and (3), Florida Statutes (1973). Bill Branch Chevrolet v. Redmond, 378 So.2d 319 (Fla.2d DCA 1980). Therefore, in the absence of an exclusion of the implied warranty, the sellers are liable to Lawson for breach of the implied warranty of title.
In order to exclude the implied warranty of title, the seller must do so in very precise and unambiguous language. Jones v. Linebaugh, 34 Mich. App. 305, 191 N.W.2d 142 (1971). In Sunseri v. RKO-Stanley Warner Theaters, Inc., 248 Pa.Super. 111, 374 A.2d 1342 (1977), the following language in a bill of sale for recreational equipment was held insufficiently specific to exclude the implied warranty of title:

*426 It is expressly understood and agreed that seller shall in nowise be deemed or held to be obligated, liable, or accountable upon or under guaranties [sic.] or warranties, in any manner or form including, but not limited to, the implied warranties of title, merchantability, ...
The evidence in the case below in no way approached the attempted disclaimer in Sunseri. The only language which could be construed as an attempted disclaimer is Turner's statement to Lawson that he did not have the title, but he would guarantee Lawson would get it as soon as he received it from Tyson. We hold, therefore, as a matter of law, this language is insufficient to exclude the implied warranty of title in the transaction below.
The evidence adduced at trial was insufficient to prove that Turner was a seller of the truck, but based upon the parties' stipulations and Willis' admissions, we find that Cox and Willis were sellers. They, therefore, breached the implied warranty of title when they sold the stolen truck to Lawson. The trial judge should have granted Lawson's motion for directed verdict as to Cox and Willis.
Accordingly, the judgment is affirmed as to Turner and is reversed as to Cox and Willis. This cause is remanded with instructions that the trial court enter a directed verdict in favor of Lawson against Cox and Willis.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.