MOORE, Appellant,

v.

PRO TEAM CORVETTE SALES, INC., Appellee.*

[Cite as *Moore v. Pro Team Corvette Sales, Inc.*, 152 Ohio App.3d 71, 2002-Ohio-4233.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7–02–04.

Decided Aug. 20, 2002.

---

* Reporter's Note: An appeal to the Supreme Court of Ohio was not allowed in 97 Ohio St.3d 1485, 2002-Ohio-6866, 780 N.E.2d 288.

Dennis B. Trimboli, for appellant.

John Donovan, for appellee.

---

WALTERS, Judge.

{¶ 1} Plaintiff-appellant, Bryon Moore, brings this appeal from a Henry County Common Pleas Court judgment that dismissed his action against defendant-appellee, Pro Team Corvette Sales, Inc., regarding a contract for the sale of a 1974 Chevrolet Corvette, which was subsequently discovered to be a stolen vehicle. On appeal, Moore argues that terms within the agreement did not effectively disclaim the implied warranty of title under R.C. 1302.25 (UCC 2–312). Because R.C. 1302.25 provides for a buyer's basic needs with respect to the type of title he in good faith expects to acquire by his purchase, namely, a good, clean title transferred to him in a rightful manner, we find that the provision lacks sufficient specificity to disclaim the implied warranty of title. Accordingly, we reverse the judgment of the trial court.

{¶ 2} The facts and procedural history relevant to issues raised on appeal are as follows: In October 1994, Moore drove from his Gross Isle, Michigan residence to Pro Team Corvette Sales, Inc. ("Pro Team"), located in Napoleon, Ohio, in order to purchase a Chevrolet Corvette. On October 17, 1994, he signed an agreement to purchase a 1974 Corvette, as well as a separate agreement to trade in his 1975 Corvette. When Moore attempted to register the car with the Michigan Bureau of Motor Vehicles, he learned that the car had been reported stolen in Texas and therefore could not be registered. The Michigan State Police subsequently confiscated the car and returned it to Texas.

{¶ 3} On October 15, 1996, Moore filed suit against Pro Team, arguing that it was negligent in failing to provide good title to the vehicle. He also claimed unjust enrichment, breach of statutory warranties, and violations of Ohio's Consumer Sales Practices Act. Pro Team denied all liability, claiming that it had excluded all warranties, including the warranty of title, in the purchase agreement. Pro Team also filed a third-party complaint against the dealership that sold the car to Pro Team, as well as the person who sold the car to that dealer, the Michigan State Police, and the Sheriff of San Patricio County, Texas.

{¶ 4} In defending the suit, Pro Team relied upon language in its contract indicating that the Corvette was being sold "as is" and that the all warranties, including the warranty of title, were excluded from the agreement. Moore sought summary judgment, arguing that the language contained in the agreement was not sufficient to constitute a valid disclaimer of statutorily implied warranties of title. This motion was denied. Moore subsequently dismissed all counts

unrelated to the warranty provisions. In February 2002, the trial court dismissed his remaining claims, concluding that the language contained in the agreement was sufficiently specific to permit exclusion of the warranty of title under R.C. 1302.25(B).

{¶ 5} Moore appeals from the trial court's judgment, presenting the following single assignment of error for our review: "The trial court erred when it concluded that the dealer's contract properly excluded the warranty of title."

{¶ 6} In Ohio, "a seller warrants that he will convey good title free from any security interest or other lien or encumbrance of which the buyer is without knowledge when the contract is made."[1] This implied warranty of title is codified in R.C. 1302.25, which is identical to and modeled after UCC 2–312, providing as follows:

{¶ 7} "(A) Subject to division (B) of this section there is in a contract for sale a warranty by the seller that:

{¶ 8} "(1) The title conveyed shall be good, and its transfer rightful; and

{¶ 9} "(2) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.

{¶ 10} "(B) A warranty under division (A) of this section will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.

{¶ 11} "(C) Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications."

{¶ 12} Accordingly, "[u]nless excluded or modified, R.C. 1302.25(A) adds to a sales contract a warranty by the seller that the title conveyed shall be good and its transfer rightful."[2] As provided by R.C. 1302.25(B), a warranty of title may be excluded or modified by specific language giving the purchaser reasons to know that the vendor is selling only what title he possesses. "[T]his code section provides for a buyer's basic needs with respect to the type of title he in good faith

---

1. *Levin v. Nielsen* (1973), 37 Ohio App.2d 29, 34, 66 O.O.2d 52, 306 N.E.2d 173; R.C. 1302.25(A).

2. *Gonder v. Ada Community Improvement Corp.* (Mar. 11, 1996), Hardin App. No. 6–95–18, 1996 WL 116158.

expects to acquire by his purchase, namely, a good, clean title transferred to him in a rightful manner so that he will not be exposed to a lawsuit in order to protect it."[3] "In the usual case, the buyer expects to get a good title, and regards disclaimers as affecting only risks with regard to quality."[4]

{¶ 13} The Michigan Court of Appeals, in *Jones v. Linebaugh,*[5] held that "very precise and unambiguous language must be used to exclude a warranty so basic to the sale of goods as is title."[6] Specific language is necessary to relieve the buyer of the idea that any disclaimer of warranty relates only to quality.[7] In *Sunseri v. RKO–Stanley Warner Theatres, Inc.,*[8] the court found language stating that the seller "shall in nowise be * * * liable * * * upon or under guaranties [sic] or warranties * * * including, but not limited to, the implied warrant[y] of title" lacked sufficient specificity to disclaim the warranty of title. The court reasoned that the language used was ineffective because it was "couched in negative terminology, expressing what the seller will not be liable for rather than what the buyer is or is not receiving. The inadequacy of such a caveat is best illustrated by juxtaposing it with title disclaimer provisions suggested by authorities in the subject area. For example, 18 Am.Jur.Legal Forms 2d § 253:825 (1974), provides: 'Seller makes no warranty as to the title to the goods, and buyer assumes all risks of nonownership of the goods by seller.' "[9] "[W]here the language in a purported disclaimer expresses how the seller's

3. *Gonder,* supra, citing Official Code Comment 1 to UCC 2–312 (R.C. 1302.25[A] ).

4. 1 Hawkland UCC Series (2001) § 2–312:5, Disclaimer of Warranty of Title—Contractual Terms.

5. *Jones v. Linebaugh* (1971), 34 Mich.App. 305, 191 N.W.2d 142.

6. Id., 34 Mich.App. at 309–310, 191 N.W.2d 142, cited with approval in 1 White & Summers, Uniform Commercial Code (4th Ed.), Section 9–13, The Warranties of Title and Against Infringement, Section 2–312—Disclaimer. See, also, *Kel–Keef Enterprises, Inc. v. Quality Components Corp.* (2000), 316 Ill.App.3d 998, 1014, 250 Ill.Dec. 308, 738 N.E.2d 524,appeal denied by 193 Ill.2d 599, 253 Ill.Dec. 7, 744 N.E.2d 289; *Lawson v. Turner* (Fla.App.1981), 404 So.2d 424, 425, 32 U.C.C. Rep.Serv. 744.

7. 1 Hawkland UCC Series (2001), Section 2–312:5, Disclaimer of Warranty of Title—Contractual Terms.

8. *Sunseri v. RKO–Stanley Warner Theatres, Inc.* (1977), 248 Pa.Super. 111, 114, 374 A.2d 1342.

9. Id. at 116, 374 A,2d 1342, cited with approval in 67 American Jurisprudence 2d Sales, Section 840, Exclusions of Warranties of Title and Against Encumbrances and Infringement. See, also, *Rockdale Cable T.V. Co. v. Spadora* (1981), 97 Ill.App.3d 754, 757, 53 Ill.Dec. 171, 423 N.E.2d 555 (finding language stating that the seller purports to transfer only such "right, title and interest" as he may possess insufficient to disclaim the implied warranty of title).

liability will be limited rather than what title (or lack thereof) the seller purports to transfer, the purported disclaimer is ineffective."[10]

{¶ 14} The relevant portion of the sale contract states: "All warranties pursuant to O.R.C. 1302.25 (U.C.C.2–312) (warranty of title and against infringement) are hereby excluded from this transaction." In light of the foregoing discussion, we find this language to be akin to that which expresses how the seller's liability will be limited, rather than what title the seller purports to transfer, and conclude that the provision lacks sufficient specificity to disclaim the implied warranty of title. Accordingly, Moore's assignment of error is sustained.

{¶ 15} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed, and the matter is remanded for further proceedings in accordance with this opinion.

Judgment reversed
and cause remanded.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.

---

10. *Kel–Keef*, 316 Ill.App.3d at 320, 250 Ill.Dec. 308, 738 N.E.2d 524.