J-A26041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENISE SHAFFER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN SHAFFER | : | No. 376 WDA 2016 |
| | : | |
| | : | |

Appeal from the Order February 10, 2016
in the Court of Common Pleas of Butler County,
Civil Division, No(s): F.C. 11-90318-D

BEFORE:  BENDER, P.J.E., RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED NOVEMBER 21, 2016**

Denise Shaffer ("Wife") appeals from the December 1, 2015 Order denying Wife's Petition for Special Relief, as modified by the February 10, 2016 Order, following reconsideration.  We affirm.

The trial court set forth the relevant facts as follows:

The parties, [Wife] and John Shaffer ("Husband"), were divorced by Decree dated July 3, 2012, and their Property Settlement Agreement ("PSA") was incorporated but not merged into the Decree.  The PSA provides for the payment from Husband to Wife of Twenty-Five Thousand Dollars ($25,000.00) in five (5) equal installments, as payment for Wife's interest in jointly titled property in Venango County, Pennsylvania.  The PSA further provides for alimony payments from Husband to Wife in the monthly amount of Two Thousand Dollars ($2,000.00) through December 1, 2016[, or until Wife's cohabitation with an unrelated adult male].

On August 24, 2012, the parties entered into a "Payment Adjustment," modifying the dates upon which Husband was to make payments for Wife's interest in the Venango County property.  The Payment Adjustment was formally adopted in the

Addendum to [the PSA] ["First Addendum"][,] filed on October 24, 2012.[1]

On November 17, 2014, the parties entered into a Second Addendum to [the PSA] ["Second Addendum"], providing that Husband's obligation to pay Wife alimony is terminated effective January 1, 2015[, as the parties agreed that Husband's alimony obligation has been fully satisfied.[2]] The Second Addendum further provides that the parties shall equally share the children's unreimbursed medical expenses, where previously it was Wife's obligation to pay the first $250.00 of those expenses.

Trial Court Order, 12/1/15, at 1-2 (footnotes added and one footnote omitted). The Second Addendum was incorporated but not merged into the Decree for enforcement purposes.

Wife subsequently filed a Petition for Special Relief, arguing that the Second Addendum did not represent the parties' entire agreement, and requesting the trial court to set aside or amend the Second Addendum. On December 1, 2015, the trial court denied Wife's Petition, finding that the Second Addendum represents the parties' entire agreement. On this basis, the trial court refused to consider evidence of a contemporaneous

---

[1] Both the PSA and the First Addendum specifically allow for prepayment of any of the land installment payments without penalty to Husband.

[2] In a separate Consent Order issued on the same day, the trial court vacated a previous Order that prohibited contact between the parties' children and Wife's boyfriend, Eric Avondo ("Avondo").

agreement.[3] *See* Trial Court Order, 12/1/15, at 3, 5. The trial court also found that Wife freely entered into the Second Addendum without fraud, undue influence or duress. *See id.* at 4-5. Accordingly, the trial court upheld the PSA, as well as both Addendums, as written. *See id.* at 5. The trial court ordered Husband to pay Wife $5,000 for the land installment payment that was owed by April 1, 2015, less an alimony overpayment of $2,412.61. *See id.* The trial court also ordered Husband to pay $500 for Wife's counsel fees, as "reasonable enforcement expenses" for his overdue payment. *Id.*

Husband filed a Motion for Reconsideration, and attached thereto a copy of a check written to Wife for $10,000, dated November 21, 2014.

---

[3] In support of her position, Wife offered into evidence the following text messages between the parties, indicating that Husband and Wife discussed additional terms that were not included in the Second Addendum:

> [Husband]: Never mind. I have the call with the lawyer tomorrow. Is this what you said yesterday?
>  • I pay off [our son's] car $10,000
>  • I give two checks @ $6500 each
>  • Eliminate future alimony
>  • Eliminate the $250 annual medical for kids
>  • Eliminate paper on [Avondo]
> I would like to send an email to my lawyer tonight so she knows what I want to discuss with her at 9am.
>
> [Wife]: That is what we talked about.

Exhibit F; *see also* N.T., 9/24/15, at 19-20 (wherein the trial court admitted the text messages into evidence as Exhibit F). Because the trial court found that the Second Addendum constituted the parties' entire agreement, it admitted the text messages "for the limited purpose of determining whether fraud occurred." Trial Court Order, 12/1/15, at 2.

After a hearing, the trial court found that Husband had complied with the terms of the First Addendum, and amended the December 1, 2015 Order, by striking the provision that required Husband to pay the land installment payment due on April 1, 2015, and vacating the obligation for counsel fees. *See* Trial Court Order, 2/10/16. The trial court ordered Wife to pay Husband the alimony overpayment. *See id.*

Wife filed a Motion for Reconsideration and Stay, which the trial court denied in separate Orders. Wife filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Wife raises the following questions for our review:

I. Whether the [t]rial [c]ourt erred as a matter of law or abused its discretion in finding that the [Second Addendum,] prepared by Husband's counsel on his behalf and presented to Wife surreptitiously, resulting in Wife signing the same without her counsel's knowledge or advice, represents the entire contract of the parties[?]

II. Whether the [t]rial [c]ourt erred as a matter of law or abused its discretion in finding that the [Second Addendum,] prepared by Husband's counsel on his behalf and presented to Wife surreptitiously, resulting in Wife signing the same without her counsel's knowledge or advice, was not obtained by fraudulent means[?]

III. Whether the [t]rial [c]ourt erred as a matter of law or abused its discretion in failing to hold that Husband's counsel's violation of the Pennsylvania Rules of Professional Conduct by communicating with a represented party through a third person, in itself or in considering the totality of the circumstances, invalidated the purported contract or made it subject to reform due, *inter alia*, to counsel's overreaching, which is against public policy and renders an unconscionable result[?]

IV. Whether the [t]rial [c]ourt erred as a matter of law or abused its discretion in finding that the [Second Addendum,] prepared by Husband's counsel on his behalf and presented to Wife surreptitiously, resulting in Wife signing the same without her counsel's knowledge or advice, was entered into freely without undue influence or duress[?]

V. Whether the [t]rial [c]ourt erred as a matter of law or abused its discretion in reversing[,] upon reconsideration[,] its determination that Wife was still owed two land payments, and counsel fees as a result thereof, where Husband appended to his Motion for Reconsideration a copy of a check, which copy contained a statement regarding its purpose not appearing on the original check, and a copy of the unaltered check had been entered as an exhibit in the underlying hearing[?]

Brief for Appellant at 12-13 (issues renumbered).

The determination of marital property rights through prenuptial, postnuptial and settlement agreements has long been permitted, and even encouraged. … Moreover, a court's order upholding the agreement in divorce proceedings is subject to an abuse of discretion or error of law standard of review. An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures. We will not usurp the trial court's fact[-]finding function.

*Lugg v. Lugg*, 64 A.3d 1109, 1110 n.1 (Pa. Super. 2013) (citing *Paroly v. Paroly*, 876 A.2d 1061, 1063 (Pa. Super. 2005)) (internal citations and quotation marks omitted).

We will consider Wife's first and second claims together. In her first claim, Wife contends that the trial court erred by finding that the Second Addendum represents the entire contract between the parties. Brief for Appellant at 21. Wife argues that although she agreed to terminate alimony, she did so in exchange for consideration that did not appear in the Second

- 5 -

Addendum, and she asserts that the above-mentioned text messages provide evidence of this consideration. *Id.* Wife asserts that because the Second Addendum is not a fully integrated agreement for purposes of the parol evidence rule, the trial court abused its discretion in failing to reform the Second Addendum to include the terms discussed in the text messages. *Id.* at 21, 23.

In her second claim, Wife argues that the trial court erred in finding that Wife's agreement to the Second Addendum was not obtained through fraud. *Id.* at 23. Wife asserts that Husband fraudulently induced her to sign the Second Addendum, which did not contain all of the terms that the parties had discussed in their text messages, without the assistance of counsel. *Id.* at 25-26. Additionally, Wife claims that Husband induced her to sign the "incomplete" Second Addendum by assuring her that he would pay the sums referred to in the text messages. *Id.* Wife also argues that Husband partially complied with their text message agreement by sending her a check for $10,000, but that Husband subsequently altered the memo line of the check to indicate that it represented the final two land installment payments, consistent with the PSA and First Addendum. *Id.* at 26 n.9.

The trial court considered these claims in its December 1, 2015 Order, wherein it set forth the relevant law concerning the validity of the property settlement agreements, the parol evidence rule, and Wife's allegation of fraud. *See* Trial Court Order, 12/1/15, at 2-3, 4. The trial court considered

- 6 -

the relevant evidence, and properly found that Husband and Wife intended to modify the terms of their PSA; the Second Addendum represents the entire agreement between the parties; the Second Addendum was entered into freely, without fraud, undue influence or duress; and accordingly, any evidence of a contemporaneous agreement (the text messages) must be excluded. ***See id.*** at 3-5. We adopt the sound reasoning of the trial court in regard to Wife's first and second claims and affirm on this basis.[4] ***See id.*** at 2-5.

As Wife's third and fourth issues are related, we will address them together. In her third claim, Wife argues that the trial court erred by declining to hold that Husband's counsel violated Rule of Professional Conduct 4.2, which prohibits a lawyer from communicating "about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Brief for Appellant at 29 (quoting Pa.R.P.C. 4.2); ***see also id.*** at 26-

---

[4] To the extent that Wife claims that the alleged fraud was a result of the failure of Husband's counsel to consult with Wife's counsel, we will address these arguments with her third and fourth claims.

27. Wife also cites to Comment 4 to Rule 4.2, and Rule 8.4,[5] and claims that Husband's counsel violated Rule 4.2 by obtaining her signature on the Second Addendum through Husband, without the presence of Wife's counsel, and that this violation renders an unconscionable result. Brief for Appellant at 29-31; *see also id*. at 26-29. Wife asserts that, as a result of an ethical violation by Husband's counsel, the Second Addendum must be reformed to include the terms discussed by the parties via text message.[6] *Id.* at 30-31;

---

[5] Comment 4 to Rule 4.2 provides, in relevant part, that "[a] lawyer may not make a communication prohibited by this Rule through the acts of another." Pa.R.P.C. 4.2, cmt. 4. Rule 8.4 provides, in relevant part, that "[i]t is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional conduct, knowingly assist or induce another to do so, or do so through the acts of another." Pa.R.P.C. 8.4(a).

[6] Wife's fourth issue also appears to invoke a claim of undue influence or duress. However, Wife does not set forth the required elements of either defense. Therefore, this claim is waived. Rather, Wife merely restates that Husband's counsel violated Rule 4.2 by drafting the "incomplete" Second Addendum, and by using Husband to obtain Wife's signature, without first communicating with Wife's counsel. Brief for Appellant at 26-29. Additionally, to the extent that Wife argues that Husband engaged in fraud by "providing the appearance of partial performance" of the purported text message agreement, we defer to the trial court's sound reasoning as to the issue of fraud, and note that the Second Addendum does not require Husband to pay Wife a lump sum of $10,000 as consideration for termination of alimony. *See* Trial Court Order, 12/1/15, at 4-5; *see also id.* at 4 (stating that "[t]he text messages merely demonstrate that additional terms were discussed.").

*see also id.* at 29.[7]

Initially, in regards to Wife's representation at the time the parties entered into the Second Addendum, the trial court noted the following:

> The Second Addendum was prepared by Husband's counsel upon Husband's request. The parties reviewed and signed the document without the assistance of counsel. After the document was signed and notarized, Husband requested that his attorney file the same. Wife claims that she was represented by counsel at the time, while Husband contends that Wife communicated to him that she was no longer represented. The [trial court] notes that Wife's counsel had not withdrawn her appearance[;] however[,] the divorce litigation ended on July 3, 2012, upon entry of the Decree in Divorce.

Trial Court Order, 12/1/16, at 3 n.2; *see also id.* (declining to make a finding regarding counsel's conduct, "as it is not relevant to a contract defense under the facts of this case.").

Assuming that Wife was still represented by counsel at the time the parties entered into the Second Addendum, Wife has nevertheless failed to show that an ethical violation occurred in this case. Rule 4.2 prohibits communication between a lawyer and another individual who is represented by counsel, but it does not prohibit communications between two individuals who are represented by counsel. *See* Pa.R.P.C. 4.2; *see also id.*, cmt. 4 (stating that "[p]arties to a matter may communicate directly with each

---

[7] Wife does not similarly contest the validity of the Consent Order, despite the fact that Wife also signed the Consent Order without consulting counsel. Moreover, because Wife testified at trial that she and Avondo began cohabitating in February or March of 2015, *see* N.T., 9/24/15, at 35-36, Husband's requirement to pay alimony would have been terminated at that time, pursuant to the PSA.

other, and a lawyer is not prohibited from advising a client concerning a communication that the client is legally entitled to make."); ABA Formal Opinion 11-461, at 1.

Here, there is no evidence that Husband's counsel communicated directly with Wife, or that counsel used Husband to make a prohibited communication. Indeed, Wife testified that she never communicated with Husband's counsel. *See* N.T. 9/24/15, at 31. Husband's counsel drafted the Second Addendum, and sent it to Husband for his review. *See id.* at 41. Husband subsequently sent the draft to Wife via email, and the parties independently arranged to meet and execute the agreement. *See id.* at 47; *see also id.* at 30-31 (wherein Wife testified that she met Husband to sign the Second Addendum before a notary, and she did not consult her attorney before doing so). Husband then returned the fully executed Second Addendum to his counsel for filing.[8] Therefore, there is no evidence that Husband's counsel breached her ethical duties under Rule 4.2. *See Lugg*, 64 A.3d at 1111, 1114 (finding that Husband's counsel did not breach Rule

---

[8] Husband's counsel admits that notice of intent to file the documents should have been provided to all counsel of record "as a precaution." Husband's Brief at 2 n.1. However, at the time of filing, the Second Addendum was uncontested, and therefore, Husband was not required to provide Wife or her counsel notice before presenting the Motion to Adopt the Second Addendum to the trial court. *See* Butler County L.R.C.P. L208.2(d) (stating that "[a]ny motion [] bearing the written consent of the opposing party, or the opposing party's attorney of record, may be submitted to the assigned judge without formal notice of presentation…."); *see also* Trial Court Order, 11/25/14, at 1. (including notation that the Motion to Adopt the Second Addendum was consented to by all parties).

4.2, where counsel drafted a post-nuptial agreement, and Husband and Wife met independently to sign the agreement). Moreover, even if Wife had provided sufficient evidence of an ethical breach, she has cited to no legal authority to support the proposition that the proper remedy for such a breach would be to invalidate or reform the parties' agreement. ***See id.*** at 1114 (stating that "even assuming the validity of [the ethical breach] claim, [Wife] has presented no legal authority that her remedy would be to renounce the agreement."). Accordingly, this claim is without merit.

In her fifth claim, Wife asserts that the trial court erred by finding, in its February 10, 2016 Order, that Husband had paid the two land installment payments, thereby satisfying the December 1, 2015 Order. Brief for Appellant at 31. Wife claims that the $10,000 check she received from Husband was meant to pay off their son's car, rather than to satisfy the fourth and fifth land installment payments. ***Id.*** at 31-32. Wife further asserts that the copy of the check attached to Husband's Motion for Reconsideration had been altered to include "Land Payments 4 + 5" in the memo line, whereas the copy of the canceled check admitted into evidence during the hearing had a blank memo line. ***Id.*** at 31-32.

After Wife filed her Petition for Special Relief, the trial court conducted a hearing on September 24, 2015. At the hearing, Wife testified that the $10,000 check was meant to pay off their son's car, as indicated in their text messages. ***See*** N.T., 9/24/15, at 26, 27. A copy of the check was admitted

into evidence. *See* Exhibit H; *see also* N.T., 9/24/4, at 28 (wherein Exhibit H was admitted into evidence). Wife also testified that Husband had previously made land installment payments to her in accordance with the PSA and First Addendum. *See* N.T., 9/24/15, at 27. In its December 1, 2015 Order, the trial court ordered Husband to pay Wife $5,000 for the land installment payment that had been due on April 1, 2015. Husband subsequently filed a Motion for Reconsideration, attaching the check for $10,000, dated November 21, 2015, and explaining that the check included both the overdue payment and a prepayment for the final installment. Wife filed a Response, wherein she again cited to the text messages and argued that the payment should be considered a payment for their son's car. The trial court conducted a hearing, at which the parties discussed the possibility of a mistake about the purpose of the $10,000 check, resulting in the trial court granting reconsideration to consider the possibility of such a mistake. *See* N.T., 12/22/15, at 2-5. Upon consideration of Husband's Motion and the entire record of the case, including the exhibits entered into evidence during the hearing, the trial court found that Husband had complied with the terms of the PSA and First Addendum by paying Wife for the land installment payment that was owed by April 1, 2015. *See* Trial Court Order, 2/10/16. Discerning no abuse of discretion or legal error, we will not disrupt the trial court's finding on appeal. *See Lugg*, 64 A.3d at 1110 n.1; *see also Stamerro v. Stamerro*, 889 A.2d 1251, 1257 (Pa.

Super. 2005) (stating that "[w]hen interpreting a marital settlement agreement, the trial court is the sole determiner of facts[,] and absent an abuse of discretion, we will not usurp the trial court's fact-finding function.") (quotation omitted).  Thus, Wife is not entitled to relief on her final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2016

## IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA

DENISE SHAFFER,               :   F.C. No. 11-90318-D

      **Plaintiff,**         :

                       :

      **vs.**                :

                       :

JOHN SHAFFER,              :

      **Defendant.**       :



## ORDER OF COURT

**AND NOW,** this 1st day of December, 2015, upon consideration of the evidence presented during the hearing on Plaintiff's Petition for Special Relief on September 24, 2015, and upon review of the record in the above-captioned matter, the Court finds as follows.

The parties, Denise Shaffer ("Wife") and John Shaffer ("Husband"), were divorced by Decree dated July 3, 2012, and their Property Settlement Agreement ("PSA") was incorporated but not merged into the Decree. The PSA provides for the payment from Husband to Wife of Twenty-Five Thousand Dollars ($25,000.00) in five (5) equal installments, as payment for Wife's interest in jointly titled property in Venango County, Pennsylvania. The PSA further provides for alimony payments from Husband to Wife in the monthly amount of Two Thousand Dollars ($2,000.00) through December 1, 2016.

On August 24, 2012, the parties entered into a "Payment Adjustment," modifying the dates upon which Husband was to make payments for Wife's interest in the Venango County property. The Payment Adjustment was formally adopted in the Addendum to Property Settlement Agreement filed on October 24, 2012.

On November 17, 2014, the parties entered into a Second Addendum to Property Settlement Agreement, providing that Husband's obligation to pay Wife alimony is terminated effective January 1, 2015. The Second Addendum further provides that the parties shall equally share the children's unreimbursed medical expenses, where previously it was Wife's obligation to pay the first $250.00 of those expenses.[1]

Wife now claims that the Second Addendum does not represent the parties' entire agreement, in that she agreed to terminate alimony in exchange for certain consideration that does not appear in the formal writing. In support of her position, Wife has offered into evidence communication between the parties by text message indicating that the parties discussed the additional terms that were omitted from the Second Addendum. As Wife is claiming that Husband's actions constitute fraud in misrepresenting material facts during their negotiations, it is appropriate for the Court to consider the text messages for the limited purpose of determining whether fraud occurred. *See Sunseri v. RKO-Stanley Warner Theatres, Inc.*, 374 A.2d 1342, 1345-1346 (Pa.Super. 1977)(buyer's right to show false statements which induced making of contract is not abridged by parol evidence rule).

"A property settlement agreement between husband and wife will be enforced by the courts in accordance with the same rules of law applying to determining the validity of contracts generally." *De Witt v. Kaiser*, 484 A.2d 121, 123 (Pa.Super. 1984). "Absent

---

[1] The Second Addendum was prepared by Husband's counsel upon Husband's request. The parties reviewed and signed the document without the assistance of counsel. After the document was signed and notarized, Husband requested that his attorney file the same. Wife claims that she was represented by counsel at the time, while Husband contends that Wife communicated to him that she was no longer represented. The Court notes that Wife's counsel had not withdrawn her appearance, however, the divorce litigation ended on July 3, 2012, upon entry of the Decree in Divorce. Wife's counsel claims that Husband's counsel acted improperly in failing to contact Wife's counsel regarding the Second Addendum. Husband's counsel was unaware that Wife was represented. Based upon these facts, the Court makes no finding regarding counsel's conduct under the Rules of Professional Conduct, as it is not relevant to a contract defense under the facts of this case.

fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." *Simeone v. Simeone*, 581 A.2d 162, 165 (Pa. 1990).

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ... and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.
>
> Therefore, for the parol evidence rule to apply, there must be a writing that represents the entire contract between the parties. To determine whether or not a writing is the parties' entire contract, the writing must be looked at and if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties ... .

*Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004)(citations and internal quotation marks omitted).

Upon examination of the Second Addendum to Property Settlement Agreement, the Court finds that it represents the entire contract of the parties, importing a complete legal obligation without any uncertainty as to the object or extent of the parties' engagement. The writing clearly establishes that the parties desired to modify the terms of their Property Settlement Agreement in consideration of the mutual promises set forth in the Second Addendum. *See Simeone*, 581 A.2d at 165 (1990)("Contracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains"); *Goss v. Timblin*, 622 A.2d 347, 350 (Pa.Super. 1993)(the law does not assume that the language of the contract was chosen carelessly).

2

Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract. One exception to this general rule is that parol evidence may be introduced to vary a writing meant to be the parties' entire contract where a party avers that a term was omitted from the contract because of fraud, accident, or mistake. In addition, where a term in the parties' contract is ambiguous, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is created by the language of the instrument or by extrinsic or collateral circumstances.

*Yocca*, 854 A.2d at 436-37 (citations and internal quotation marks omitted).

"The elements of fraud are (1) a misrepresentation, (2) a fraudulent utterance, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as the proximate result." *Hess v. Hess*, 580 A.2d 357, 359 (Pa.Super. 1990). "A misrepresentation is an assertion that is not in accord with the facts." Restatement (Second) of Contracts § 159 (1981). "A misrepresentation is fraudulent if the maker intends his assertion to induce a party to manifest his assent and the maker (a) knows or believes that the assertion is not in accord with the facts, or (b) does not have the confidence that he states or implies in the truth of the assertion, or (c) knows that he does not have the basis that he states or implies for the assertion." Restatement (Second) of Contracts § 162 (1981).

Upon consideration of the evidence presented, the Court does not find that proof of fraud was established. The text messages merely demonstrate that additional terms were discussed. There is no evidence of fraudulent misrepresentation in the text messages. In addition, the Court found that the testimony presented was not sufficiently credible to determine whether fraud occurred.

The Court further finds that the terms of the Second Addendum are clear and unambiguous. Therefore, evidence offered to show a contemporaneous agreement between the parties shall not be considered, and the terms of the Second Addendum shall be given effect without reference to matters outside the contract.

Furthermore, the Court finds that the Second Addendum was freely entered into by the parties without undue influence or duress. Accordingly, the Second Addendum shall not be set aside or amended, and the parties' contractual obligations shall be enforced.

Based upon the foregoing, it is hereby **ORDERED, ADJUDGED and DECREED**:

1. Wife's request to Set Aside or Amend Second Addendum to Property Settlement Agreement is **DENIED**. The Property Settlement Agreement and the First and Second Addendums shall be enforced as set forth in writing.

2. Husband is directed to comply with the terms of the Addendum to Property Settlement Agreement filed on October 24, 2012, in that he shall immediately pay to Wife the Five Thousand Dollars ($5,000.00) that was owed by April 1, 2015. Husband may subtract the alimony overpayment at DRS 36652 in the amount of $2,412.61 from this payment. Husband shall pay Wife an additional Five Thousand Dollars ($5,000.00) by April 1, 2016, pursuant to the First Addendum.

3. Husband shall be responsible for reasonable enforcement expenses pursuant to the parties' Property Settlement Agreement for failure to pay Wife the Five Thousand Dollars ($5,000.00) that was owed by April 1, 2015. Husband shall remit payment to Wife in the amount of Five Hundred Dollars ($500.00) as counsel fees within thirty (30) days of this Order.

4. No counsel fees shall be awarded to Husband as the Court did not find Wife's claims to be dilatory, obdurate or vexatious.

BY THE COURT:

THOMAS J. DOERR,
**President Judge, Butler County**

December 01, 2015

# Certificate of Mailing

**Case Number: 2011-90318**

### DENISE SHAFFER vs JOHN SHAFFER

The Prothonotary of Butler County, Pennsylvania hereby certifies that a copy of the foregoing Order of Court was mailed to:
BURTON AIMEE L;
PAULISICK GERRI V;
DR (CERT);
on Tuesday, December 01, 2015, by first class mail, postage prepaid.  (D)